UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                          Case No. 6:17-cv-734-Orl-37KRS

PALM HARBOR ASSOC INC.;
JAMAICAN PATTY SHOP, INC; and
QUN CHI CHAO,

    Defendants.

## ORDER

In the instant action, Plaintiff has filed suit against multiple Defendants for multiple violations of the Americans with Disabilities Act ("**ADA**"). (Doc. 1 ("**Complaint**").) According to the Complaint, the alleged violations occurred at a shopping plaza identified only as the "Plaza," located at 3200 Dixie Hwy, Palm Bay, FL 32905 ("**Plaza Address**"). (*Id.* ¶ 2, 3, 4.) Although Plaintiff alleges that each Defendant "owns, leases, leases to, or operates" a distinct property at the Plaza Address, Plaintiff collectively refers to Defendants as a single entity that is responsible for alleged parking lot violations, restroom violations, inaccessible transaction counters, and unspecified violations concerning inaccessible features, goods, services, and facilities. (*See id.*, ¶ 9.)

As an initial matter, the Court takes judicial notice of the Orders issued in *Kennedy v. Skyview Plaza, LLC*, Case No. 6:16-cv-2128-Orl-22KRS (Docs. 25, 29) and *Kennedy v. IMDAD Haider IRA, LLC*, Case No. 17-cv-454-Orl-31KRS (Docs. 6, 23, 25)—both were

-1-

issued in ADA cases also filed by Plaintiff. Importantly, these Orders apprise Plaintiff of her improper joinder of defendants who lease property in a common location, where the property is alleged to contain separate ADA violations. Despite such warning, Plaintiff continues to file complaints that fail to clearly delineate which ADA violations are attributed to which Defendants. *See, e.g.*, *Kennedy v. Petro Mgmt. Inc.*, Case No. 6:17-cv-757-Orl-37DCI (Doc. 1). Here, the Complaint fails to differentiate the specific location of the alleged restroom and transaction counter violations at the Plaza Address. (*See* Doc. 1, ¶ 9.) The same is true of the vague allegations referencing inaccessible features, goods, services, and facilities. (*Id.*)

The foregoing practice constitutes a form of shotgun pleading, as Plaintiff asserts "multiple [violations] against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the [violation] is [asserted] against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to each Defendant and, in turn, fail to give each Defendant adequate notice of the relevant violations asserted against it. *See id.*

Plaintiff has demonstrated a propensity for filing complaints that constitute impermissible shotgun pleadings and are non-compliant with the joinder rules provided by the Federal Rules of Civil Procedure. This practice is unacceptable and requires dismissal. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If Plaintiff chooses to replead, any amended complaint must clearly delineate which factual allegations are relevant to

each Defendant and the basis for any asserted joint liability. Plaintiff is forewarned that continued filings with the same deficiencies will result in summary dismissal without further notice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before, Wednesday, **May 17, 2017**, Plaintiff may file an amended complaint that remedies the deficiencies identified in this Order. Failure to timely amend **will** result in dismissal with prejudice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 3, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record