UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                           Case No. 6:17-cv-734-Orl-37KRS

PALM HARBOR ASSOC INC.;
JAMAICAN PATTY SHOP, INC; and
DONG ZHENG,

    Defendants.

## ORDER

In the instant action, Plaintiff asserts multiple violations under the American with Disabilities Act ("**ADA**") against three Defendants: (1) Palm Harbor Assoc Inc. ("**Palm Harbor**"); (2) Jamaican Patty Shop, Inc. ("**JPS**"); and (3) Dong Zheng d/b/a China King ("**China King**"). (*See* Doc. 12 ("**Complaint**").) Specifically, Plaintiff alleges that the ADA violations occurred at a shopping center—owned, leased, or operated by Palm Harbor—located at 3200 Dixie Hwy, Palm Bay, FL 32905, known as the Plaza ("**Plaza**"). (*See id.* ¶ 2.) As tenants of the Plaza, JPS and China King allegedly each own, operate, or lease a store front. (*See id.* ¶¶ 3, 4.)

The Complaint asserts the following three categories of ADA violations: (1) Palm Harbor's restroom violations, parking lot violations, and transaction counter violations; (2) JPS's restroom violations, table violations, and store aisle violations; and (3) China King's restroom violations and transaction counter violations. (*Id.* ¶¶ 10, 11, 12.) For the

reasons set forth below, the Court finds that these three groups of claims are improperly joined in this action.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 20(a)(2), persons may be joined in a single action as defendants if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." "[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). To achieve this purpose, district courts are encouraged to entertain "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). Thus, a court has broad discretion in deciding to join parties or not. *See Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

## III. ANALYSIS

To determine whether joinder of parties is appropriate under Rule 20, a court employs a "logical relationship" test. *See Alexander*, 207 F.3d at 1323 (borrowing from Rule 13 to determine whether claims arise out of the same transaction or occurrence). A logical relationship exists where "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *See Republic Health Corp. v. Lifemark Hosps.*

of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985) (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).

Despite the flexibility inherent in the logical relationship test, courts have determined that joinder of parties is inappropriate where the claims asserted against the defendants share only issues of liability or where defendants are alleged to have violated the same statute or acted in the same manner. *See, e.g.*, *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016); *see also Turpeau v. Fidelity Fin. Servs., Inc.*, 936 F. Supp. 975, 978–79 (N.D. Ga. 1996), *aff'd* 112 F.3d 1173 (11th Cir. 1997).

Nevertheless, courts have held that landlords and tenants are jointly liable for ADA violations. *See, e.g.*, *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). Thus, it is likely appropriate for a single landlord and a single tenant to be joined as defendants in an action alleging ADA violations on a tenant's premises—for example, Plaintiff may properly join as defendants Palm Harbor and JPS in a single action alleging ADA violations at JPS. Plaintiff, however, has failed to provide authority establishing that individual tenants are jointly liable for *each other's* ADA violations—that is, that JPS would be jointly liable for an ADA violation that occurred at China King.[1] Thus, while Plaintiff appears to be asserting a right to relief jointly against two separate landlord-tenant pairings, Plaintiff does not assert "any right to relief" against *all* Defendants "jointly, severally, or in the alternative," as required under Rule 20(a)(2)(A).

---

[1] In its Order dismissing Plaintiff's initial complaint (Doc. 1), the Court advised Plaintiff that if she chose to replead, she must set forth the basis for any asserted joint liability (*see* Doc. 8, p. 3).

Regardless, even if two separate joint actions could satisfy Rule 20(a)(2)(A), joinder of all Defendants in a single action is inappropriate here, as all of the claims do not arise out of the same transaction or occurrence. Rather, this action involves three logically distinct and factually separate transactions or occurrences: (1) those violations asserted against Palm Harbor alone; (2) those violations on the premises of JPS, for which Palm Harbor and JPS are potentially liable; and (3) those violations on the premises of China King, for which Palm Harbor and China King are potentially liable. Thus, these discrete groups of claims do not meet the "logical relationship" test, as the operative facts of all three groups of claims are different. For instance, the alleged inaccessible table seating at JPS has no relationship to the alleged lack of a compliant grab bar in the restroom at China King. (*See* Doc. 12, ¶¶ 11, 12.)

As the present action essentially contains three parallel sets of ADA violations, the Court elects to exercise its discretion to sever the following claims: (1) claims asserted against Palm Harbor alone; and (2) claims asserted jointly against Palm Harbor and China King. *See* Fed. R. Civ. P. 21; *see also, e.g.*, *Kennedy v. Skyview Plaza, LLC*, No. 6:16-cv-2128, 2017 WL 589196 (M.D. Fla. Feb. 14, 2017) (severing ADA claims asserted against five separate landlord-tenant pairings and directing the plaintiff to file separate actions).

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's claims asserted jointly against Defendants Palm Harbor Assoc Inc. and Jamaican Patty Shop, Inc. shall remain in the instant case.

2. On or before Friday, **June 9, 2017**, Plaintiff is **DIRECTED** to file an amended

      complaint alleging only her joint claims against Defendants Palm Harbor Assoc Inc. and Jamaican Patty Shop, Inc.

3. Plaintiff's remaining claims—that is, those claims asserted against Defendant Palm Harbor Assoc Inc. alone and those asserted jointly against Defendants Palm Harbor Assoc Inc. and Dong Zheng d/b/a China King—are hereby **SEVERED**.

4. The Clerk is **DIRECTED** to terminate Dong Zheng as a party to this action.

5. On or before Friday, **June 9, 2017**, Plaintiff is given leave to file separate actions against the severed defendants as set forth in this Order. A filing fee shall be paid for each new case.

6. Each case filed pursuant to Paragraph 5 of this Order shall be assigned to the Undersigned and to U.S. Magistrate Judge Karla R. Spaulding. At the time each new case is filed, Plaintiff's counsel shall provide the Clerk with a copy of this Order and shall notify the Clerk that, pursuant to this Order, the case is to be assigned to the Undersigned and Magistrate Judge Spaulding.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 30, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record